1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

| | |
|---|---|
| THE ESTATE OF JOLENE LOVELETT ("LOVELETT") by and through its personal representative, ARNOLD COOPER, an individual, | NO. |
| | COMPLAINT |
| Plaintiff, | (JURY DEMAND) |
| v. | |
| THE UNITED STATES OF AMERICA; THE STATE OF WASHINGTON; THE CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION; ABBOTT ADULT FAMILY HOMES LLC a Washington Corporation; FLORENCE FADELE, ARNP, an individual; KRISTY DANFORTH, RN, an individual; TRISHA SHIPP, LPN, an individual; HEATHER HOYLE, an individual; NANCY DUFRAINE, an individual; KELSIE MOEN, RN, an individual; SANDRA SANDERS, an individual; RENNA RIZAL, an individual, BHAKTA RIZAL, an individual; and DOES I – XX, individuals, | |
| Defendants. | |

        BY AND THROUGH his undersigned counsel, Arnold Cooper, as Personal

Representative of the Estate of Jolene Lovelett, alleges as follows:

COMPLAINT - 1 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## PRELIMINARY STATEMENT

1.     This is a civil action against The United States of America, The State of Washington, The Confederated Tribes of the Chehalis Reservation, the individual healthcare providers employed by The State of Washington and the Confederated Tribes of the Chehalis Reservation, and against the remaining defendants for violating Jolene Lovelett's civil and constitutional rights by failing in their basic obligations to provide medical assistance and treatment despite Jolene Lovelett's obviously deteriorating health, her pre-existing disability, and her ongoing signs of distress, by their failure to ensure adequate nourishment and hydration despite Jolene Lovelett's inability to meet those essential needs, and by confining her to inhumane conditions and forcing her to endure extreme and needless pain and suffering. Despite the defendants' knowledge and information that Ms. Lovelett's condition presented a high likelihood of danger in the form of serious bodily injury or death, the defendants were deliberately indifferent to Ms. Lovelett's constitutional and civil rights leading to Ms. Lovelett dying a slow and agonizing death on November 4, 2013.

## JURISDICTION

2.     This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal questions) and 28 U.S.C. § 1343 (civil rights).  This Court has supplemental jurisdiction over the plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).  Additional claims may arise under the Federal Tort Claims Act, 28 U.S.C. § 2671-80.

3.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support the plaintiff's allegations occurred in this judicial district and because the defendants reside in this judicial district.

COMPLAINT - 2 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## PARTIES

4.     Decedent Jolene Lovelett was at all times material herein, a resident of Thurston County, State of Washington.  Plaintiff, the Estate of Jolene Lovelett ("the Estate"), was duly formed in the Kitsap County Superior Court under Cause No. 14 4 00805 7.  Arnold Cooper is the court-appointed personal representative of the Estate of Jolene Lovelett and the uncle and a former guardian of the decedent.  As personal representative for the Estate, Mr. Cooper is qualified to bring the current action and assert the claims alleged herein on behalf of the Estate, including all claims arising under 42 U.S.C. § 1983.

5.     At all times material herein, the defendant, The United States of America, provided funding, education, management and supervision to a healthcare facility known as The Chehalis Tribal Wellness Center in Oakville, Grays Harbor County, Washington.  Agents and employees and subcontractors of the Chehalis Tribal Wellness Center, including Florence Fadele, ARNP, Trisha L. Shipp, LPN, Kelsie J. Moen, RN, Kristy Danforth, RN, Heather Hoyle, Nancy Dufraine, Jhon Valencia, and Jean F. Cavendish, provided, or were involved in, caring for Jolene Lovelett.

6.     At all times material herein, the defendant, The State of Washington, staffed healthcare providers who provided care and treatment to Jolene Lovelett.  The defendant State of Washington further licensed and certified adult care facilities where Jolene Lovelett resided, including Abbott Adult Family Homes LLC in Thurston County, Washington.  On information and belief, The State of Washington contracted with a private adult family home, Abbott Adult Family Homes LLC ("AAFH"), to provide medical care and other services to its population of state citizens, including Jolene Lovelett.  All individuals seeking care through The State of Washington are entitled to constitutional protections under the Fourteenth

COMPLAINT - 3 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

Amendment of the United States Constitution, including, but not limited to, constitutionally-adequate medical care and humane conditions of confinement.  The State of Washington, through its agents and employees and subcontractors, provided medical assessment, medical care and other services to its population of patients, including Jolene Lovelett, and it is legally liable for the constitutional violations committed by such providers.

7.      At all times material herein, the defendant, The Confederated Tribes of the Chehalis Reservation, operated a federally-funded healthcare clinic, The Chehalis Tribal Wellness Center in Oakville, Grays Harbor County, Washington.  All individuals seeking care at the healthcare clinic are entitled to constitutional protections under the Fourteenth Amendment of the United States Constitution, including, but not limited to, constitutionally-adequate medical care and humane conditions of treatment.  The Confederated Tribes of the Chehalis Reservation and the Chehalis Tribal Wellness Center contracted with a private adult care company,  AAFH, and employees of The State of Washington to provide medical assessment, medical care and other services to its population of patients, including Jolene Lovelett.  Although the The Confederated Tribes of the Chehalis Reservation sought to privatize the provision of healthcare services to AAFH, it cannot contract-away its constitutional obligations and is legally liable for the constitutional violations committed by such providers. Upon accepting federal funding from the defendant The United States of America for the Chehalis Tribal Wellness Center, The Confederated Tribes of the Chehalis Reservation acted under the color of federal and state law and became legally responsible to comply with all requirements of the United States Constitution.

8.      The defendant, Abbot Adult Family Homes LLC ("AAFH"), is a for-profit Washington State corporation that provides adult family home services.  Its registered agent

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

for service of process is Bhakta Rizal, 4020 61st St. Ct. SW, Tumwater, Washington. AAFH owned and operated the adult family home where Jolene Lovelett resided and AAFH staffed care providers who provided services to Jolene Lovelett in Tumwater, Thurston County, State of Washington.  Individuals named herein or who otherwise provided any care to Jolene Lovelett during the course of her disability and medical confinement at AAFH were AAFH employees and were acting under the color of federal and state law at all relevant times and in all regards.

9.     Upon entering into contract with The State of Washington and the Confederate Tribes of the Chehalis Reservation to provide medical and/or other services to disabled individuals, AAFH assumed a public function, acted under the color of federal and state law and became legally responsible to comply with all the requirements of the United States Constitution.  AAFH is considered a "person" under 42 U.S.C. § 1983 and is subject to liability for punitive damages and all other damages to which an individual would be subject to when acting under color of federal or state law.

10.     Florence Fadele is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Fadele was an Adult Registered Nurse Practitioner with the Chehalis Tribal Wellness Center and was providing medical care to Jolene Lovelett. All acts and omissions of defendant Fadele were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center.  The actions and omissions alleged in this complaint were carried out by nurse Fadele and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

11.     Kelsie Moen is an individual believed to be residing in this judicial district.  At all times relevant hereto, defendant Moen was a registered nurse with the Chehalis Tribal Wellness Center and was providing medical care to Jolene Lovelett.  All acts and omissions of defendant Moen were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center. The actions and omissions alleged in this complaint were carried out by nurse Moen and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

12.     Trisha L. Shipp is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Shipp was a registered nurse with the Chehalis Tribal Wellness Center and was providing medical care to Jolene Lovelett.  All acts and omissions of defendant Shipp were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center. The actions and omissions alleged in this complaint were carried out by nurse Shipp and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

13.     Heather Hoyle is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Hoyle was an Adult Services Caseworker with the Chehalis Tribal Wellness Center and was involved in the care, treatment and residential placement of Jolene Lovelett.  All acts and omissions of defendant Hoyle were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center.  The actions and omissions alleged in this complaint were carried out by defendant Hoyle and/or carried out

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

14.     Nancy Dufraine is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Dufraine was the Social Services Director with the Chehalis Tribal Wellness Center and was the court-ordered guardian for Jolene Lovelett. All acts and omissions of defendant Dufraine were done under color of federal and state law and under the authority of her position as an agent/employee with the Chehalis Tribal Wellness Center.  The actions and omissions alleged in this complaint were carried out by defendant Dufraine and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

15.     Kristy Danforth is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Danforth was a registered nurse delegator with The State of Washington and was providing care to Jolene Lovelett.  All acts and omissions of defendant Danforth were done under color of state law and under the authority of her position as an agent/employee with The State of Washington. The actions and omissions alleged in this complaint were carried out by nurse Danforth and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution.

16.     Sandra Sanders is an individual believed to be residing in this judicial district. At all times relevant hereto, defendant Sanders was a case manager with The State of Washington and was providing care to Jolene Lovelett.  All acts and omissions of defendant Sanders were done under color of state law and under the authority of her position as an agent/employee with The State of Washington.  The actions and omissions alleged in this

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

complaint were carried out by defendant Sanders and/or carried out with her knowledge, information, consent or approval in violation of her obligations under the Fourteenth Amendment to the United States Constitution .

17.     The defendants Renna and Bhakta Rizal were at all times material herein, husband and wife.  At all times material herein, Renna and Bhakta Rizal, managed and operated the AAFH facility wherein Jolene Lovelett was cared for and resided. At the time of the incidents alleged, it is believed that Renna and Bhakta Rizal were agents/employees/subcontractors of The United States of America, The State of Washington, and the Confederated Tribes of the Chehalis Reservation.  Defendants Renna and Bhakta Rizal treated Jolene Lovelett under a contract for the provision of care and were compensated for the services provided. All acts and omissions of defendants Renna and Bhakta Rizal were done under color of federal and state law and under the authority of their position as agents/employees with The United States of America, The State of Washington and the Confederated Tribes of the Chehalis Reservation.  The actions and omissions alleged in this complaint were carried out by defendants Renna and Bhakta Rizal and/or carried out with their knowledge, information, consent or approval in violation of their obligations under the Fourteenth Amendment to the United States Constitution .

18.     Plaintiff anticipates the possibility that there will be other individual defendants, not currently known by name, who were employed by and/or were agents of The United States of America and/or The State of Washington who will bear liability for the allegations herein.  Since plaintiff does not currently know the names of all such individuals, they are identified in this complaint by the pseudonyms Does I-XX and plaintiff may seek to amend this complaint to add them as individual defendants as discovery and investigation

COMPLAINT - 8 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

progresses.

## **FACTUAL ALLEGATIONS**

19.    Jolene Lovelett was born with severe physical and development disabilities and required care and supervision throughout her life. Ms. Lovelett was significantly, if not completely, dependent upon caregivers for all aspects of her life including feeding, medication administration, hygiene, mobility and transfers.  She was incapable of making independent decisions and was essentially a non-verbal communicator.  Ms. Lovelett was a member of the Confederated Tribes of the Chehalis Reservation.

20.    The federal government of The United States of America funded, managed, staffed and supervised the Chehalis Tribal Wellness Center, a facility of the Confederated Tribes of the Chehalis Reservation in Grays Harbor County, Washington.

21.    Since approximately 2003, The State of Washington Developmental Disabilities Division assumed the responsibility of the management of the personal care and the residential placement of Jolene Lovelett into residential care facilities.  The State of Washington's agents and employees through state agencies, including, but not limited to, the Department of Social and Health Services ("DSHS"), Home and Community Services ("HCS"), Adult Protective Services ("APS") and the Developmental Disabilities Administration ("DDA") were responsible for monitoring Jolene Lovelett's living conditions, medical treatment and ongoing medical condition.

22.    On December 19, 2008, Jolene Lovelett was admitted to Providence St. Peter Hospital Emergency Department in Olympia, Washington.  Ms. Lovelett was transported from a group home to the hospital because of knee pain, swelling in her feet and pain wherever she was touched.  Because of her condition and bruising identified during her

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

emergency department assessment, a call to Adult Protective Service was initiated by the hospital.  Instructions were given by the hospital to follow up with the emergency room or Ms. Lovelett's regular doctor if fever ensued, if there were more concerns or problems, if there were changes to her level of consciousness or if there were behavioral changes.

23.     On September 1, 2011, Jolene Lovelett was once again admitted to Providence St. Peter Hospital Emergency Department with a large laceration in her rectal area after having a seizure.  Urinary incontinence was noted in the hospital.  Hygiene issues were emphasized upon discharge from the hospital.  At the time of discharge from the hospital, Ms. Lovelett was noted to ambulate without assistance and her weight was 152.9 pounds.

24.     In 2013, Arnold Cooper, maternal uncle of Jolene Lovelett, reported concerns of Ms. Lovelett's deteriorating health condition and concerns that The State of Washington was not meeting Ms. Lovelett's medical needs.  By way of a March 20, 2013 order of the Tribal Court of the Confederated Tribes of the Chehalis Reservation, Heather Hoyle, of the Chehalis Tribe, was designated as Ms. Lovelett's social worker and guardian.  Ms. Lovelett's medical care was transferred to the oversight of Florence Fadele, a nurse practitioner at the Chehalis Tribal Wellness Center.

25.     Although guardianship for Ms. Lovelett was legally transferred to The Confederated Tribes of the Chehalis Reservation, The State of Washington continued to oversee the care and residential placement of Ms. Lovelett after March 20, 2013. Additionally, The State of Washington's nurse delegator, Kristy Danforth, continued her involvement in the assessment and care of Ms. Lovelett. Medical visits at Providence St. Peter Hospital and at the Chehalis Tribal Wellness Center were documented that provided a history of Ms. Lovelett's medical needs throughout the course of her care and which were available

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

for the individual defendants and all other defendant care providers to review and see at any time.

26.     On March 25, 2013, a DSHS Central Office Incident Follow-up Report (Incident #5201303C0054) stated that, on March 22, 2013, Ms. Lovelett was taken to the emergency room at St. Peter Hospital because she wasn't eating or sleeping and seemed weak. The report indicates that a social worker visited Ms. Lovelett in the hospital and noted that she had several bruises on her body and at least one bedsore. Ms. Lovelett was on an IV for dehydration and was receiving antibiotics for a urinary tract infection ("UTI"). The "[o]rigin of bruises [were] unknown, but suspected from neglect or abuse by provider and/or her spouse." The State of Washington Case Resource Manager also visited Ms. Lovelett in the hospital. She provided her information to the hospital social worker and explained that she was in the process of locating a new Adult Family Home for Ms. Lovelett. The Providence St. Peter Hospital records reflect that the caregiver for Ms. Lovelett was expressing concerns regarding her ability to care for Ms. Lovelett in her then-current state. The caregiver stated that the patient's care needs had become too great and that they would not have the patient return to the adult home. At the time of this hospitalization, Ms. Lovelett's weight was 141 pounds.  The hospital noted that during her hospitalization, Ms. Lovelett was incontinent of urine and was wearing Attends at all times.  Because of her risk for pressure ulcer formation, the plan of care at the time of the hospitalization at Providence St. Peter Hospital was to turn and reposition Jolene every two hours. The Case Resource Manager provided Heather Hoyle with potential placement contacts to interview and meet with providers. AAFH was the newly designated family home.  Discharge instructions were reviewed by Providence St. Peter Hospital with Bhakta Rizal from AAFH and Heather Hoyle, guardian.  Discharge instructions

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

included a discussion of medications, skin care, turning instructions, feeding instructions, and follow-up information.

27.     A March 26, 2013 HCS Adult Protective Services Intake Report stated that Ms. Lovelett was taken to St. Peter Hospital due to dehydration and urinary tract infection (UTI). The charge nurse noted as follows: bruising on ribs, ankles and an elbow; a rash on both sides of the genital area; coccyx pressure ulcer; healed scar from prior ulcer; and a bruising line on right hip due to clothing that was too tight.

28.     On April 3, 2013, Ms. Lovelett became a resident of Abbott Adult Family Home. At this time, it is believed that Ms. Lovelett was receiving funding through Development Disabilities Administration at DSHS. The Abbott Adult Family Home was a facility licensed by The State of Washington.  It was incumbent for all defendant providers to ensure that Ms. Lovelett received minimally adequate care of her medical conditions including decubitus ulcers, malnutrition and pain.  At the time of her transfer to Abbott Family Home, it was known by all involved state employees and all employees/agents/subcontractors of the Chehalis Tribal Wellness Center that a significant deterioration in Ms. Lovelett's nutritional status and the status of her decubitus ulcers would be serious and even potentially life-threatening if proper and timely medical care was not made available to her.

29.     From April to October of 2013, Ms. Lovelett's medical condition continued to severely deteriorate under the care, supervision and knowledge of state and tribal agents and employees.  In April of 2013, she was seen at Providence St. Peter Hospital and was noted to be awake most nights and yelling out in fear of people who were not physically present.  Her documented problems included, among other things: a UTI, neurodermatitis (to the point of

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

bleeding), and decubitus ulcers on her buttocks. On May 8, 2013 a medical record entry noted that Ms. Lovelett may not progress to be able to walk again. In July 2013, a DSHS employee created a report noting that Ms. Lovelett could be heard screaming at night while at the Abbott Adult Family Home.

30.     By at least July 2013, if not earlier, Ms. Lovelett should have been taken to a hospital or other acute care facility to address her now extremely serious medical needs.  It was essential for the defendant healthcare providers to continually assess Ms. Lovelett's nutrition and skin condition and to be able to recognize the signs and symptoms of decubitus ulcers and infection.  It would have been evident to any reasonable medical provider, including the individual defendants, who were aware of Ms. Lovelett's disease and symptoms, that Jolene was in need of acute medical care and that failing to provide such care, which could not reasonably be provided within the confines of AAFH or through the Chehalis Tribal Wellness Center, was reasonably likely to cause Jolene Lovelett to suffer serious permanent injuries or even death.  Despite this, and despite the discharge instructions from St. Peter Hospital, no such care was provided.  Instead, Ms. Lovelett stayed confined within the AAFH and her symptoms began to deteriorate even more markedly. The medical provider defendants did not follow basic and well-known cautionary steps that should have been taken whenever an individual is at risk for skin breakdown, malnutrition, dehydration, abuse, and neglect.

31.     Despite knowledge of Ms. Lovelett's vulnerable status and severe and pervasive decubitus ulcers on her body, and despite knowledge of Ms. Lovelett's immobility, confinement, and need for additional medical care, the individual defendants put Ms. Lovelett at risk of serious injury or death. It would have been evident to any reasonable medical provider, including the individual defendants, who knew of Jolene Lovelett's disease and

COMPLAINT - 13 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

medical conditions, that Jolene was in need of acute medical care and that failing to provide such care, which could not reasonably be provided within the confines of AAFH, was reasonably likely to cause Jolene to suffer serious permanent injuries or even death. Despite this, and despite the discharge instructions from Providence St. Peter Hospital, no such care was provided. Instead, no outside medical care was arranged and Jolene Lovelett was left to suffer irreversible harm and extraordinary pain at the hands of those responsible for her well-being. The defendants herein failed to protect Jolene Lovelett and were deliberately indifferent to her constitutional rights. It was foreseeable that the failure to seek appropriate attention and treatment and to secure alternative placement for Ms. Lovelett would lead to serious bodily injury or her death.

32.     On October 1, 2013, Jolene Lovelett was found unresponsive at AAFH and was taken by ambulance to the emergency room at St. Peter Hospital with multiple stage 1 through 4 decubitus ulcers on her hips, buttocks, and upper legs—some down to the bone. She also had a "massive" and "severe" vaginal abscess/infection. She had excoriation and scratch marks in the exterior perineal area with an internal vaginal tear that lead to suspicion of sexual abuse. She also had low serum albumin and pre-albumin levels and appeared to be malnourished. She was described as cachectic in appearance.

33.     An investigation report by DSHS Investigator Candace Corey regarding an investigation on October 3, 2013 states as follows:

> [Jolene] was admitted to the adult family home on 04/03/2013 after receiving treatment from a hospital for dehydration, urinary tract infection and a history of pressure ulcers and wounds. [Jolene's] medical history included diagnoses of speech and language disorder, Macrocephaly, Cerebral Palsy, and multiple other medical diagnoses. [Jolene] developed pressure ulcers. The recommendation was to find alternate placement for [Jolene] to meet her needs. The transfer did not

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

occur. The [Abbott House] provider failed to follow-up in writing with [Jolene's] social worker to ensure transfer/discharge of [Jolene] to a higher level care facility. This failure promoted the decline in [Jolene's] health. The [Abbott House] provider failed to ensure interventions were implemented to prevent decline and promote healing of the pressure ulcers. As a result of these failures, [Jolene's] wounds continued to worsen and her health continued to decline until her admission to the hospital on 10/01/13.

34.     Jolene Lovelett remained at Providence St. Peter Hospital until her death on November 4, 2013. The causes of death listed on her death certificate were: (A) Medical Sequelae (interval: weeks); (B) Sepsis including Fungemia (interval: month); (C) Pelvic Abscess and decubitus Ulcers (interval: unknown). Other conditions contributing to death: Porencephaly with seizure disorder. Her autopsy revealed a clear finding that she died of sepsis due to her decubitus ulcers and pelvic infection. At the time of her autopsy, Jolene Lovelett's weight was 128 pounds. Her death was caused by the defendants' actions and omissions as alleged herein. Jolene Lovelett suffered extreme pain and mental, physical and emotional agony leading up to her death, and such damages were also caused by the actions and omissions alleged herein. All acts and omissions of the individual and governmental defendants as alleged herein were carried out with deliberate indifference towards Jolene Lovelett's objectively serious medical needs. All actions and omissions of the individual defendants as alleged herein were carried out with at least reckless disregard towards Jolene's constitutional rights and constitute inhumane conditions that shock the conscience.

35.     Throughout their multiple encounters with Ms. Lovelett, the individual defendants acted intentionally, knowingly, maliciously and/or recklessly in violation of her well-established constitutional rights under the Fourteenth Amendment to the United States Constitution.

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

36.     The Confederated Tribes of the Chehalis Reservation and The State of Washington failed to adequately train and/or supervise their personnel with regard to the care and treatment of those vulnerable individuals entrusted to their care. The violations by the defendant agents and employees were so blatant, so continuous and so ongoing as to clearly indicate general failures in training, a custom of disregarding disabled patients in need of medical care and a general institutional failure to comply with minimal standards of care in the healthcare setting.

37.     Defendants The Confederated Tribes of the Chehalis Reservation and The State of Washington were on notice that their constitutionally deficient policies, practices, and customs put patients like Jolene Lovelett at risk of death or serious injury and their failures to address their deficiencies were the moving force behind Jolene Lovelett's suffering and death.

## **CLAIMS**

38.     Ms. Lovelett's care was entrusted to The Confederated Tribes of the Chehalis Reservation and The State of Washington and employees and agents thereof. Ms. Lovelett sustained serious bodily injury, ultimately leading to her death, while under the care and supervision of the defendants.  As a direct and proximate result of the actions and inactions of defendants, their partners, employees, agents and/or ostensible agents' breach of duties, including negligence, neglect, abandonment, infliction of emotional distress, and failure to investigate, evaluate, monitor, manage, supervise, refer, treat, consult, diagnose, intervene, warn and otherwise render the necessary care that Jolene Lovelett required.  Jolene Lovelett, a vulnerable adult, suffered severe injuries, including dehydration, malnutrition, sepsis, decubitus ulcers, infections and extensive suffering before an ultimately brutal death.  The

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

failure of defendants to take reasonable measures to protect members of the public, including Jolene Lovelett, proximately caused the death of Jolene Lovelett.

39.     Based on information and belief, The United States of America did little or nothing to ensure that the Chehalis Tribal Wellness Center was complying with constitutional requirements, such as adequate training, staffing, supervision and budgetary allowances for medical care.

40.     The Chehalis Tribal Wellness Center maintained unconstitutional policies, procedures and customs that were a moving force in causing Jolene Lovelett's injuries, damages and death.  This includes constitutionally deficient policies and procedures that were inadequate to protect physically and emotionally disabled individuals like Jolene Lovelett from the serious medical consequences of her immobility, confinement and inability to communicate, and from the serious medical consequences of malnutrition, dehydration and decubitus ulcers.  The Chehalis Tribal Wellness Center maintained unconstitutional policies, procedures and customs with regard to not following hospital discharge instructions on the subject of skin care, turning, nutrition, hydration and follow-up.  The Chehalis Tribal Wellness Center failed to adequately train and/or supervise its medical personnel with regard to complying with constitutionally minimal rights of citizens assigned to its care with regard to adequate medical care.  This includes its deliberate choice not to provide training on management of individuals who are suffering the kinds of severe and ongoing medical conditions that Jolene Lovelett suffered from, as well as following hospital discharge instructions on the subject of transferring patients to a hospital or acute care facility when symptoms increase, worsen or recur.  The Chehalis Tribal Wellness Center engaged in and permitted to exist a pattern, practice or custom of unconstitutional conduct towards disabled

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

individuals with serious medical needs confined to adult homes. The Chehalis Tribal Wellness Center was on notice that its constitutionally deficient policies, practices and customs put vulnerable  individuals, like Jolene, at risk of death or serious injury and its failure to address the deficiencies was the moving force behind Jolene's suffering and death.

41.     The State of Washington maintained unconstitutional policies, procedures and customs that were a moving force in causing Jolene Lovelett's injuries, damages and death. This includes constitutionally deficient policies and procedures that were inadequate to protect physically and emotionally disabled individuals like Jolene Lovelett from the serious medical consequences of her immobility, confinement and inability to communicate, and from the serious medical consequences of malnutrition, dehydration and decubitus ulcers. The State of Washington maintained unconstitutional policies, procedures and customs with regard to not following hospital discharge instructions on the subject of skin care, turning, nutrition, hydration, and follow-up. The State of Washington failed to adequately train and/or supervise its medical personnel with regard to complying with constitutionally minimal rights of citizens assigned to its care with regard to adequate medical care. This includes its deliberate choice not to provide training on management of individuals who are suffering the kinds of severe and ongoing medical conditions that Jolene suffered from, as well as following hospital discharge instructions on the subject of transferring patients to a hospital or acute care facility when symptoms increase, worsen or recur. The State of Washington engaged in and permitted to exist a pattern, practice or custom of unconstitutional conduct toward disabled individuals confined to adult homes with serious medical needs. The State of Washington was on notice that its constitutionally deficient policies, practices and customs,

COMPLAINT - 18 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

put vulnerable individuals like Jolene Lovelett at risk of death or serious injury and its failure to address the deficiencies was the moving force behind Jolene's suffering and death.

42.     The named individual defendants either actively participated in the unconstitutional conduct described in this complaint or they acquiesced to the unconstitutional conduct by personally directing it, tacitly authorizing it or otherwise failing to train or supervise their subordinates, thereby giving rise to individual supervisory liability for the constitutional deprivations alleged herein.

43.     The actions and inactions of the defendants who played a supervisory role were deliberate and intentional, caused Ms. Lovelett's damages, and were committed with malice or reckless disregard for Ms. Lovelett's constitutional rights.   All acts or omissions committed by each of the supervisory defendants identified above were the direct and proximate cause of Ms. Lovelett's extreme physical suffering, severe mental anguish, death, and all other damages alleged herein.

44.     Arnold Cooper, the Personal Representative for the Estate, asserts all available claims under 42 U.S.C § 1983 against each defendant for the deprivation of Ms. Lovelett's constitutional rights under the Fourteenth Amendment to the United States Constitution.   As a result of the allegations contained herein, the individual defendants are further liable to the plaintiff for common law torts under Washington law, including assault, battery, negligence, neglect, abandonment, outrage and infliction of emotional distress.

45.     At the time of the injuries set forth in this Complaint, Jolene Lovelett was a frail, disabled and vulnerable adult who was residing within defendant Abbott Adult Family Homes LLC's care facility.   The aforementioned acts, including, but not limited to, breaches of applicable duty and care, amounted to neglect and/or abuse and/or abandonment of Jolene

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

Lovelett by defendants in violation of RCW 74.34.200 which proximately caused damage to plaintiff.

## DAMAGES

46.    As a direct result of the acts and omissions of the defendants as described above, damages have been suffered by the plaintiff.  These include damages for the pain and suffering and emotional anguish experienced by Ms. Lovelett prior to her death, damage for Ms. Lovelett's loss of enjoyment of life, for the loss of Ms. Lovelett's life, economic loss, and any and all other damages recoverable under applicable law.  To the extent any state law limitations on such damages are purported to exist, they are inconsistent with the compensatory, remedial and/or punitive purposes of 42 U.S.C. § 1983 and any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.

47.    Federal Tort Claims were filed on behalf of the plaintiff with the Department of Health and Human Services; Indian Health Service; Department of the Interior; Bureau of Indian Affairs; and The Confederated Tribes of the Chehalis Reservation/Chehalis Tribal Wellness Center, agencies of The United States of America, and with The State of Washington.  The aforementioned entities declined to provide notice of denial of the claim and a period of six months has passed since the agencies were served with the claims.

48.    State Tort Claims were filed on behalf of the plaintiff with The State of Washington.  There has been no formal denial of the claim and 60 days have passed since the filing of the claim.

## JURY DEMAND

Plaintiff demands that this matter be tried to a jury.

COMPLAINT - 20 of 21

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## **PRAYER FOR RELIEF**

Damages have been suffered by plaintiff and to the extent any state law limitations on such damages are purported to exist, they are inconsistent with the compensatory, medical and/or punitive purposed of 42 U.S.C. § 1983, and therefore any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.  WHEREFORE, the plaintiff prays that the Court award against defendants:

A.  All statutory damages including attorney fees and costs pursuant to RCW 74.34.200;

B.  Compensatory damages in an amount to be proven at trial, sufficient to compensate the plaintiff for all damages under federal and state law including, but not limited to, damages for pre-death pain and suffering, damages for loss of enjoyment of life, loss of life and economic damages in the amount of $10,000,000.00;

C.  Punitive damages under federal law, in an amount to be proven at trial;

D.  Attorneys' fees, costs and prejudgment interest incurred in pursuing this action; and

E.  For such other and further relief as the Court may deem just and equitable under the circumstances of this case.

DATED THIS _____ day of November, 2016.

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC

By_____
Jane Morrow, WSBA # 22533
Attorney for Plaintiff

OTOROWSKI JOHNSTON MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX