UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF JOLENE LOVELETT,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C16-5922 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO COMPEL, AND GRANTING PLAINTIFF'S LEAVE TO CONDUCT LIMITED DISCOVERY. |

This matter comes before the Court on Defendant the Confederated Tribes of the Chehalis Reservation's ("Tribe") motion to dismiss (Dkt. 67), Plaintiff the Estate of Jolene Lovelett's ("Lovelett") motion to compel (Dkt. 68), the Court's request for additional briefing (Dtk. 78), and the following supplemental briefs: 1) Lovelett's opening brief (Dkt. 79); 2) the Tribe's opening brief (Dkt. 80); 3) the Tribe's response (Dkt. 81); and 4) Lovelett's response (Dkt. 83). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. BACKGROUND

Lovelett filed a complaint on November 1, 2016, against numerous defendants asserting numerous causes of action. Dkt. 1. Decedent Lovelett was a member of the Tribe and was born with physical and developmental disabilities requiring substantial medical care and supervision. *Id*. From approximately 2003 to Lovelett's death on November 4, 2013, the named defendants, including the Tribe, provided medical care and assumed guardianship over Lovelett. *Id.* Lovelett's complaint alleges numerous claims based on negligent medical care and treatment. *Id*.

On October 13, 2017, the Tribe filed the motion to dismiss arguing that sovereign immunity bars Lovelett's claims. Dkt. 67. On November 2, 2017, Lovelett filed a motion to compel overdue discovery responses. Dkt. 68. On November 13, 2017, the parties responded to the respective motions. Dkts. 71, 72. Lovelett argued that the Tribe may have waived sovereign immunity in certain contracts relevant to the instant matter, but the Tribe has refused to produce the contracts. Dkt. 71. The Tribe objected to responding to discovery until after the Court issued a ruling on the immunity issue. Dkt. 72. On November 17, 2017, the parties replied. Dkts. 74, 75. The Tribe remained steadfast in its position that immunity must be decided at this early stage of litigation. Dkt. 74.

On December 20, 2017, the Court renoted the motions and requested supplemental briefs on the issue of limited jurisdictional discovery. Dkt. 78. On January 5, 2018, the parties filed their opening briefs (Dkts. 79, 80) and responded to the respective briefs on January 12, 2018. (Dkts. 81, 83).

## II. DISCUSSION

The Tribe argues that the Court should dismiss Lovelett's claims against it without granting leave to conduct jurisdictional discovery because "once tribal sovereign immunity is raised as a defense, 'it must be addressed and decided,' and it is error to deny immunity to a protected tribe." Dkt. 80 at 5–6 (citing *Pistor v. Garcia*, 791 F.3d 1104, 1115 (9th Cir. 2015)).

Under the common-law doctrine of tribal sovereign immunity, Indian tribes are protected from suits for monetary damages and from declaratory or injunctive relief. *Quinault Indian Nation v. Pearson for Estate of Comenou*t, 868 F.3d 1093, 1096 (9th Cir. 2017) (citations omitted). This immunity derives from a tribe's status as "domestic dependent nations that exercise inherent sovereign authority." *Id.* However, tribal immunity can be relinquished by a tribe through a clear and unequivocal waiver. *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991). For instance, a tribe may waive its immunity by contract. *See, e.g., American Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091 (9th Cir. 2002); *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001) (arbitration provisions within a construction contract constituted a clear waiver of a tribe's sovereign immunity).

The Tribe insists that Lovelett's claims must be dismissed because it is an error for the Court to deny or defer ruling on immunity to allow limited jurisdictional discovery. Dkt. 80 at 5–6. In making its argument, the Tribe primarily relies on *Pistor*, which holds that "Tribal sovereign immunity is a quasi-jurisdictional issue that, *if* invoked at the Rule

12(b)(1) stage, must be addressed and decided." *Pistor*, 791 F.3d at 1115. In *Pistor*, the district court denied the tribe defendant's Rule 12(b)(1) motion to dismiss concluding that even if the tribe was protected under sovereign immunity, the court still had the power to hear the claim. *Id*. at 1110. The Ninth Circuit reversed, holding that if a tribe defendant is entitled to sovereign immunity and has properly invoked it, the court must dismiss the claims for lack of subject matter jurisdiction:

> To the contrary, as the tribal defendants invoked sovereign immunity in an appropriate manner and at an appropriate stage, i.e. in a Rule 12(b)(1) motion to dismiss, if they *were* entitled to tribal immunity from suit, the district court would lack jurisdiction over the claims against them and would be required to dismiss them from the litigation.

*Id*. at 1111. The Ninth Circuit italicized the word "were" conveying the proposition that granting a dismissal under Rule 12(b)(1) is necessary and proper when a tribe firmly establishes that it is entitled to sovereign immunity.

Contrary to the district court in *Pistor*, the Court is not denying immunity or considering Lovelett's claims despite the Tribe's entitlement to immunity. Rather, Lovelett has advanced a plausible theory that the Tribe waived its sovereign immunity. Dkt. 78. Lovelett specifically points to the Tribe's contractual and business relationships with private party medical care providers in which the Tribe may have waived its immunity. Dkt. 71. Accordingly, in order to address all plausible aspects of the jurisdictional question, Lovelett should have an opportunity to obtain and review the contracts in question.

Courts are afforded broad discretion in allowing discovery when "pertinent facts bearing on the question of jurisdiction are in dispute . . . ."*America West Airlines, Inc. v.*

*GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) (citations omitted). "[I]t is clear that a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction." *Laub v. United States Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *See also United States ex rel. Cain v. Salish Kootenai College, Inc.* 862 F.3d 939 (9th Cir. 2017) (the district court shall allow 'appropriate discovery' if jurisdictional questions exist). However, the court may deny jurisdictional discovery if "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the discovery request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). *See also Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016) (allowing limited discovery to establish personal jurisdiction over defendant when plaintiff presents circumstantial evidence that defendant may have sufficient contact with the state).

In this case, the Court concludes that limited discovery is warranted because open questions remain whether or not the Tribe waived its immunity. Lovelett seeks discovery to unveil contract provisions that overcome the Tribe's immunity defense. By citing a number of potential sources where a waiver might be found, the Court finds that Lovelett's allegations are based on more than just a hunch. Dkt. 79 at 4-5. For instance, Defendant Nancy Dufraine, Director of the Chehalis Tribe's Social Services Department, testified in her deposition that "there can be waiver of sovereign immunity through compacts with the state or federal government." Dkt. 83-1 at 2, ¶ 5. Even though the

Tribe has demonstrated that it did not waive its immunity in some relevant contracts (Dkt. 81-3), an open question exists as to whether every relevant contract contains similar provisions. Thus, the Court will grant Lovelett leave to conduct limited, jurisdictional discovery on these issues.

### III.  CONCLUSION

Therefore, the Court **DENIES** the Tribe's motion to dismiss (Dkt. 67) without prejudice and **GRANTS** Lovelett leave to conduct limited jurisdictional discovery. The parties shall meet and confer to establish a discovery timeline and, if appropriate, a date when the Tribe may refile its Rule 12(b)(1) motion to dismiss.

The Court also **DENIES** Lovelett's motion to compel (Dkt. 68) without prejudice because these discovery requests go beyond the limited scope of jurisdiction. If Lovelett overcomes the Tribe's immunity defense, then the Court will consider any subsequent failure to properly respond to discovery.

Dated this 21st day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge