UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF JOLENE LOVELETT,<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants. | CASE NO. C16-5922 BHS<br><br>ORDER REQUESTING RESPONSE FROM UNITED STATES GOVERNMENT |

This matter comes before the Court on motion to dismiss of Defendants Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN ("Defendants") (Dkt. 159), the Court's request for responses regarding supplemental jurisdiction (Dkt. 162), and the parties' responses (Dkts. 166, 168).

On November 1, 2016, the Estate of Jolene Lovelett ("the Estate") filed a complaint against numerous defendants and the United States of America asserting claims for violations of 42 U.S.C. § 1983; violations of Washington's Abuse of Vulnerable Adults Act, RCW Chapter 74.34 ("VAS"); and the "common law torts under

Washington law, including assault, battery, negligence, neglect, abandonment, outrage and infliction of emotional distress." Dkt. 1.

On March 3, 2017, the United States of America ("Government") filed a notice of substitution giving notice that the Government would be substituting as defendants for all "common law tort[s]" asserted against Defendants. Dkt. 39. On May 1, 2017, the Court granted the United States' motion to dismiss. Dkt. 54.

On May 22, 2018, Defendants filed a motion to dismiss the Estates' VAS claims against them. Dkt. 159. Defendants contend that the parties dispute whether the Government's substitution for all "common law tort" claims encompassed the state statutory claims. *Id*. On June 11, 2018, the Estate responded. Dkt. 163. On June 14, 2018, Defendants replied. Dkt. 165.

On June 11, 2018, the Court granted multiple defendants' motion for summary judgment and dismissed the Estate's 42 U.S.C. § 1983 claims. Dkt. 162. The Court also requested responses on the issue of exercising supplemental jurisdiction because it appeared that all the federal claims had been dismissed. *Id*. at 10. The remaining parties responded. Dkts. 166, 168.

Upon reviewing the parties' responses, the Court is inclined to decline supplemental jurisdiction and dismiss the Estate's state law claims without prejudice. The parties, however, have identified federal claims that remain. Upon review of these claims, the Court requests a response from the Government on the scope of its substitution. No party provides and the Court is currently unaware of any reason why the Government would substitute itself for the common law claims but not for the state

statutory claims. It appears that the Government intended to separate the state law claims from the federal law claims because 28 U.S.C. § 2679 does not distinguish between state common law and state statutory claims. Regardless, the Government used the phrase "common law torts," and the Court needs an explanation before needlessly addressing the merits of a complicated issue on the merits. Therefore, the Court requests a response from the Government regarding the scope of its substitution.

If the Government only intended to substitute for common law torts, then a short response is sufficient. On the other hand, if the Government intended to substitute for all state law claims, then it appears that an amended or supplemental substitution is necessary as well as a subsequent motion to dismiss.

The Government shall respond no later than June 26, 2018, and any other party may respond to the Government no later than June 29, 2018. The dispositive motion deadline is extended to July 13, 2018, and the Clerk shall renote all pending motions for consideration on the Court's June 29, 2018 calendar. The Clerk shall also send a copy of this order directly to the attorneys of record for the Government.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge