Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF JOLENE LOVELETT ("LOVELETT") by and through its personal representative, ARNOLD COOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON; THE CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION; ABBOTT ADULT FAMILY HOMES LLC a Washington Corporation; FLORENCE FADELE, ARNP, an individual; KRISTY DANFORTH, RN, an individual; TRISHA SHIPP, LPN, an individual; HEATHER HOYLE, an individual; NANCY DUFRAINE, an individual; KELSIE MOEN, RN, an individual; SANDRA SANDERS, an individual; RENNA RIZAL, an individual, BHAKTA RIZAL, an individual; and DOES I – XX, individuals,<br><br>Defendants. | NO. 3:16-CV-5922 BHS<br><br>PLAINTIFF'S RESPONSE TO COURT'S JUNE 19, 2018 ORDER AND TO FORMER DEFENDANT UNITED STATES' RESPONSE<br><br>AND<br><br>PLAINTIFF'S OBJECTION TO UNITED STATES' SUBSTITUTION |

## I. INTRODUCTION

In response to the Court's request in its June 19, 2018 Order, Dkt. #169, plaintiff the Estate of Jolene Lovelett submits this memorandum demonstrating that: (1) the Federal Tort Claims Act (FTCA) expressly does not include claims for assault, battery, or false imprisonment, and several of the Estate's claims under the Washington State Vulnerable Adult Statute, RCW

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 1 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

Chapter 74.34, in addition to remaining claims, are based on such conduct by the individual tribal defendants; and (2) contrary to former defendant the United States' erroneous arguments, Washington courts have clearly held the VAS is not a common law claim.

In addition, the Estate objects to the United States' substitution. The defendant tribal employees were not under the control or supervision of the United States and were not paid by the United States. The Estate had no obligation to sue the individual defendants as government employees under the FTCA. These employees were employed, paid and supervised by the Confederated Tribes of the Chehalis Reservation, not the United States. The Estate properly pled VAS claims, separate from federal and common law claims, against the individual defendants. The United States was dismissed over a year ago. Allowing a former defendant to sweep under the FTCA, a separately-pled statutory claim on the eve of trial after more than a year of discovery and extensive substantive motions and orders, would be legally erroneous and would unfairly and unnecessarily expand the scope of the FTCA. The Estate's state claims should be allowed to proceed.

## II. ISSUE

One year after the United States substituted for individual tribal defendants only on common law tort claims, should this former defendant be allowed to substitute itself for the individual defendants on the Estate's statutory VAS claims for purposes of dismissing all FTCA claims for failure to exhaust administrative remedies, when: the VAS is not a common law tort claim but a new legal cause of action and remedy created by the Washington Legislature; the Complaint alleges torts that are expressly excepted from the FTCA (*e.g.*, assault, battery, false imprisonment, outrage); the Estate expressly pled the independent statutory VAS claims separate from common law torts; and the individual defendants and the United States are estopped from making an argument inconsistent with their previous position?

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 2 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

### III. AUTHORITY/ARGUMENT

Plaintiff the Estate incorporates herein its arguments in Dkt. #163, Plaintiff's Opposition to the Motion to Dismiss by Defendants Shipp, Hoyle, Dufraine, and Moen of All Remaining Claims Based on Sovereign Immunity.

**A. The Washington State Vulnerable Adult Statute and Other Allegations are Not Within the Torts Covered by the FTCA.**

The FTCA provides the exclusive remedy against the United States for claims of "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment", 28 U.S.C. § 2679(b)(1). It is commonly stated that the FTCA governs common law torts: "The Act operates as a limited waiver of sovereign immunity from suits for negligent or wrongful acts of government employees ... **which constitute 'ordinary common-law torts'**". *Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016) (emphasis added). As Washington courts have clearly held, the VAS is not a common law tort. *Warner v. Regent Assisted Living*, 132 Wn. App. 126, 134, 130 P.3d 865 (2006); *Goldsmith v. State, Dep't of Soc. & Health Servs.*, 169 Wn. App. 573, 580–81, 280 P.3d 1173 (2012); *see* section 2 below.

The United States provides no authority that the Vulnerable Adult Statute is a common law tort or any other type of claim covered by the FTCA. For the following reasons, the Estate's VAS and several other state claims survive the United States' attempted substitution and any previous or future request to dismiss FTCA claims or other claims against individual tribal employees.

**1. The FTCA Does Not Apply to the Estate's Allegations of Assault, Battery, Outrage and False Imprisonment Under the VAS or Otherwise.**

To begin with, the FTCA explicitly **does not** apply to any claim arising out of assault, battery, or false imprisonment. 28 U.S.C. § 2680(h). Even if these aspects of the VAS claims

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 3 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

sounded in common law, the allegations of abuse (including chemical restraint and abusive confinement) as well as neglect[1] by the individual defendants come within the FTCA exceptions for assault, battery, and false imprisonment.

A person may be liable for **assault** even if there has been no bodily contact, "when he or she acts with an intent to put another person in immediate apprehension of harmful or offensive contact, and that person has such an apprehension." *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wn. App. 859, 867–68, 324 P.3d 763 (2014) (citations omitted).

> A **battery** is the intentional infliction of harmful or offensive bodily contact with the plaintiff. ... More specifically, ... [a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such contact. ... [T]he requisite intent for battery is the intent to cause the contact, not the intent to cause injury.

---

[1]

(2) "Abuse" means the willful action or inaction that inflicts injury, unreasonable confinement, intimidation, or punishment on a vulnerable adult. ...
(b) "Physical abuse" means the willful action of inflicting bodily injury or physical mistreatment. ...
(c) "Mental abuse" means a willful verbal or nonverbal action that threatens, humiliates, harasses, coerces, intimidates, isolates, unreasonably confines, or punishes a vulnerable adult.
...
(e) "Improper use of restraint" means the inappropriate use of chemical, physical, or mechanical restraints for convenience or discipline or in a manner that: (i) Is inconsistent with federal or state licensing or certification requirements for facilities, hospitals, or programs authorized under chapter 71A.12 RCW; (ii) is not medically authorized; or (iii) otherwise constitutes abuse under this section.
(3) "Chemical restraint" means the administration of any drug to manage a vulnerable adult's behavior in a way that reduces the safety risk to the vulnerable adult or others, has the temporary effect of restricting the vulnerable adult's freedom of movement, and is not standard treatment for the vulnerable adult's medical or psychiatric condition.
...
(16) "Neglect" means (a) a pattern of conduct or inaction by a person or entity with a duty of care that fails to provide the goods and services that maintain physical or mental health of a vulnerable adult, or that fails to avoid or prevent physical or mental harm or pain to a vulnerable adult; or (b) an act or omission by a person or entity with a duty of care that demonstrates a serious disregard of consequences of such a magnitude as to constitute a clear and present danger to the vulnerable adult's health, welfare, or safety, including but not limited to conduct prohibited under RCW 9A.42.100.
RCW 74.34.020.

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 4 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

*Sutton,* at 865–66 (citations and internal quotations omitted).

**False imprisonment** is demonstrated when the plaintiff's liberty is intentionally restrained, including by threat of force or conduct reasonably implying force will be used. *Moore v. Pay'n Save Corp.,* 20 Wn. App. 482, 486-87, 581 P.2d 159 (1978).

The Estate has established in evidence submitted on the parties' summary judgment motions that the individual defendants abused, neglected, and chemically restrained Jolene Lovelett. Dkt. ## 106, at 18 (*e.g.,* defendant Guardian Heather Hoyle supported sedating Ms. Lovelett to keep her quiet, and allowed clinic defendant Fadele to increase medication to eliminate Ms. Lovelett's yelling); 107 (Ex. B); 108 (Gruenewald Dec.). The VAS claims of abuse (including chemical restraint) and neglect are outside the FTCA, because they are based on the same conduct as is excepted from the FTCA – i.e., assault, battery, and imprisonment.[2] The United States cannot possibly substitute itself for the individual defendants for purposes of dismissal of these claims under the FTCA.

**2. The VAS Claims Are Not Common Law Tort Claims or Otherwise Within the FTCA.**

Contrary to the U.S.'s attempt to mischaracterize the statute, the VAS is not a common law tort.[3] It is an independent statutory claim—that is, a private right of action created by statute rather than based in common law. The Washington courts have explicitly so held: "the VAS establishes a **separate cause of action** with its own standards of proof which are different from common law negligence." *Warner v. Regent Assisted Living,* 132 Wn. App. 126, 134, 130 P.3d 865 (2006) (footnote 10 citing *Conrad v. Alderwood Manor,* 119 Wn. App. 275, 78 P.3d 177 (2003) "(affirming the jury's **separate special verdicts and damage awards for**

---

[2] Dkt. #1, at 19 (alleging defendants are liable for common law torts "**including**" assault and battery).

[3] Without authority, the U.S. argues that since the abuse, neglect, abandonment and failure to report occurred during Jolene's life, they are survival/damages/personal injury tort claims. But the fact that Jolene suffered personal injury and death as a result of the individual defendants' conduct does not somehow automatically bring the VAS claims within the FTCA's scope.

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 5 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

**common law negligence and neglect under the VAS)"** (emphasis added). The Washington Court has explained:

> When the legislature adopted the abuse of vulnerable adult act, chapter 74.34 RCW, **it created a new cause of action** to protect vulnerable adults from abandonment, abuse, financial exploitation, or neglect. *Schumacher v. Williams*, 107 Wn.App. 793, 798, 28 P.3d 792 (2001) (citing RCW 74.34.200); 16 David DeWolf & Keller Allen, Washington Practice: Tort Law & Practice § 1.22, at 29 (2010 ed.). More specifically, RCW 74.34.200(1) provides:
>> **In addition to other remedies available under the law,** a vulnerable adult who has been subjected to abandonment, abuse, financial exploitation, or neglect … shall have a cause of action for damages on account of his or her injuries, pain and suffering, and loss of property sustained thereby.

*Goldsmith v. State, Dep't of Soc. & Health Servs.*, 169 Wn. App. 573, 580–81, 280 P.3d 1173 (2012) (emphasis added). The U.S. cites *Goldsmith* without properly applying it here, and offers no opposing authority.

In creating this new cause of action and remedy, separate from common law negligence or other claims, the Legislature found:

> The purpose of chapter 74.34 RCW is to provide the department and law enforcement agencies with the authority to investigate complaints of abandonment, abuse, financial exploitation, or neglect of vulnerable adults and to provide protective services **and legal remedies to protect these vulnerable adults.**

Laws of 1999, ch. 176, Section 1 (emphasis added). The legislature added these separate legal remedies because the common law does not provide them, nor does it adequately protect and compensate vulnerable adults such as Ms. Lovelett.

Contrary to the United States' mistaken assertion, *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 546, 374 P.3d 121 (2016) does not provide or even suggest that failure to report under the VAS is a common law claim. *Kim* simply holds that a plaintiff has an implied private right of action for failure to report under the statute. "The AVAA [also known as the VAS] creates a right to have suspected abuse reported without providing a remedy for a violation of that right. Implying a cause of action for a mandated reporter's failure to report suspected abuse

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 6 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

or neglect is thus appropriate." *Id.* A right of action implied from a statute is not a common law claim. The U.S. offers no authority for such a proposition because there is none.

In *Hawkins v. United States*, C16-0498JLR, 2017 WL 3237134, at *2 (W.D. Wash. July 31, 2017), *appeal filed,* Aug. 31, 2017, unlike the Estate in this case, plaintiff pled a claim under the Washington Vulnerable Adult Statute as part of her FTCA claim:

> The court construes Ms. Hawkins's complaint as pleading one claim under the FTCA on multiple theories of liability. ... Although **it is possible that Ms. Hawkins instead intends to plead independent state law claims for violation of Washington's Vulnerable Adult Protection Act ... Ms. Hawkins does not invoke the court's supplemental jurisdiction over such a claim. ... For this reason, the court instead views Ms. Hawkins's assertion of those statutes as pleading theories of negligence.**

(Emphasis added.)

In this case, however, the Estate pled the VAS claims separately, invoking the court's supplemental jurisdiction. They cannot be dismissed via the United States' belated substitution or the renewed motion to dismiss FTCA claims.

The United States, which was long ago dismissed, should be estopped from making the inconsistent contention that it meant to substitute itself for the individual defendants on state statutory claims outside the FTCA as well as specifically-excepted common law claims. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001);[4] *see, e.g., Tyson v. Bank of Am. N.A.*, 15-CV-01548-BLF, 2016 WL 4070134, at *4 (N.D. Cal. July 29, 2016).

---

[4] Federal courts consider the following factors for judicial estoppel:
> First, a party's later position must be clearly inconsistent with its earlier position. ... Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. ... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose unfair detriment on the opposing party if not estopped.

*Id.* at 750-51 (citations and internal quotations omitted). The Estate submits that those factors are satisfied here.

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 7 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

In construing the FTCA, federal courts should effectuate its remedial purpose, taking care neither to expand nor to narrow the government's waiver of sovereign immunity. *Indian Towing Co. v. U.S.*, 350 U.S. 61 (1955) (Court should not import immunity back into a statute designed to limit it); *Hughes v. U.S.*, 116 F. Supp. 2d 1145 (N.D. Cal. 2000) (courts should not overlook Congress's "significant purpose" and "broad goal" of providing access to redress when risk-generating conduct by government actors fell below socially acceptable norms and caused injury). Allowing former defendant the United States to appear and substitute itself on claims that are not "common law torts" and not within the FTCA, more than one year after dismissal, at the end of discovery and extensive substantive motions, would improperly expand the remedial purpose of the FTCA and severely prejudice the Estate.

**3. Even If the VAS Claim is Covered by the FTCA, The Estate Exhausted Its Remedies.**

Even if the VAS claims can be construed as within the FTCA and the U.S.'s substitution is allowed, the Estate amply satisfied the requirements of 28 U.S.C. § 2675(a) by providing a sum certain and sufficient notice of the claims for the Government to begin its investigation. The Estate submits the following argument in response to the United States' Renewed Motion to Dismiss, Dkt. #172.

The notice requirements in an administrative claim are minimal and are only intended to give the government "agency sufficient notice to commence investigation," and place "a value on the claim." *Shipek v. United States*, 752 F.2d 1352, 1354-55 (9th Cir. 1985) (quoting *Avery v. United States,* 680 F.2d 608, 610 (9th Cir. 1982); citing, *e.g., Warren v. United States Department of Interior Bureau of Land Management*, 724 F.2d 776, 779 (9th Cir. 1984). "So long as appellant's claim provided sufficient notice to permit the Coast Guard to begin its investigation, she ... should not be jurisdictionally limited by her administrative claim from pursuing any legal theory encompassed by the facts set forth in her claim." *Id.* at 1355-56; *see also Rooney v. United States*, 634 F.2d 12381241-42 (9th Cir.1980) (plaintiff's claim was

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 8 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

sufficient to exhaust remedies without stating legal theory on which it was based); *Murrey v. United States,* 73 F.3d 1448, 1452 (7th Cir. 1996) (Standard Form 95 requires "only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts"; reversing judgment for United States in medical malpractice action under FTCA); *Goodman v. United States,* 298 F.3d 1048, 1055-56 (9th Cir. 2002) (informed consent claim was "fairly included" in medical malpractice claim; government was on notice); *Caballero v. United States,* CIV. 10-418-HA, 2010 WL 4237233, at *3-4 (D.Or. Oct. 20, 2010) (plaintiff met requirements for personal injury claim as well as property damage); *Blue v United States,* 567 F.Supp. 394 ((D.Conn. 1983) (§2675(a) requirements were met even when claim was not on standard government form and did not demand sum certain); *Kokaras v United States,* 750 F.Supp. 542 (D.N.H. 1990) ("to be determined" for personal injury claim satisfied requirements when defendant post office personnel were fully apprised of claim).

The Estate's administrative claim set forth ample information about its claims, including a sum certain, for the United States to begin its investigation of wrongful death of Jolene Lovelett, established by the same facts and circumstances involved in defendants' conduct which caused the injuries leading to her death. This was sufficient to exhaust administrative remedies. Even if the United States is allowed to substitute itself on the VAS claims at this late date, those claims against the individual defendants should not be dismissed.

## IV. CONCLUSION

The Estate's independent state VAS claims are not common law torts or otherwise within the FTCA. Several of them, along with common law counterparts, are excepted from the FTCA (assault, battery, false imprisonment) so that plaintiffs may bring those claims against the United States and its employees. The United States should not be allowed to reappear at the close of discovery after extensive motions and rulings to substitute itself for the individual defendants on the independent statutory VAS claims and common law claims of assault, battery, outrage and false imprisonment, particularly when that conduct is expressly excepted

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

from the FTCA.

Even if the VAS claims are construed as within the FTCA, the Estate stated a sum certain and gave the United States ample notice and information and properly exhausted its administrative remedies.

The Estate respectfully asks the Court to allow the VAS and excepted common law claims to proceed against the individual defendants.

DATE: June 29, 2018.

Otorowski Morrow & Golden, PLLC

By /s/ Jane Morrow
Jane Morrow, WSBA # 22533
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 10 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Otorowski Morrow & Golden, PLLC

/S/ Jane Morrow
Jane Morrow, WSBA # 22533
298 Winslow Way West
Bainbridge Island, Washington 98110
(206) 842-1000; (206) 842-0797 Fax
Email: jm@medilaw.com
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO JUNE 19, 2018 ORDER AND
OBJECTION TO U.S. SUBSTITUTION [3:16-CV-5922 BHS] - 11 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX