UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE ESTATE OF JOLENE LOVELETT,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                    Defendants. | CASE NO. C16-5922 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DECLINING SUPPLEMENTAL JURISDICITON, AND DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE |

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss (Dkt. 172). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On November 1, 2016, the Estate of Jolene Lovelett ("the Estate") filed a complaint against multiple defendants, including individual Defendants Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN ("Defendants").  Dkt. 1.  The Estate asserts claims for violations of 42 U.S.C. § 1983; violations of Washington's

Abuse of Vulnerable Adults Act ("VAS"), RCW Chapter 74.34; and the "common law torts under Washington law, including assault, battery, negligence, neglect, abandonment, outrage and infliction of emotional distress."  Dkt. 1.

On March 3, 2017, the Government filed a notice of substitution giving notice that the Government would be substituting as defendants for all "common law tort[s]" asserted against Defendants.  Dkt. 39.  On May 1, 2017, the Court granted the Government's motion to dismiss.  Dkt. 54.

On March 15, 2018, Defendants filed a joint motion for summary judgment.  Dkt. 93.  On March 22, 2018, the Estate filed a motion for partial summary judgment.  Dkt. 106.

On May 14, 2018, the Court granted the parties' motion to dismiss the Tribe.  Dkt. 152.

On June 11, 2018, the Court granted Defendants' motion for summary judgment and dismissed the Estate's 42 U.S.C. § 1983 claims.  Dkt. 162.  The Court also requested responses on the issue of exercising supplemental jurisdiction because it appeared that all the federal claims had been dismissed.  *Id*. at 10.  The remaining parties responded.  Dkts. 166, 168.

On June 19, 2018, the Court requested a response from the Government explaining why the Government substituted itself for some state law claims, but not all the state law claims.  Dkt. 169.  On June 22, 2018, the Government responded.  Dkt. 170.  The Government also filed a new notice of substitution and motion to dismiss.  Dkts. 171,

172.  On June 29, 2018, the Estate responded to the motion to dismiss.  Dkt. 173.  On

July 20, 2018, the Government replied.  Dkt. 174.

## II.  FACTUAL BACKGROUND

The relevant facts are set forth in the Court's previous order, Dkt. 162, and the

Estate's motion for partial summary judgment, Dkt. 106.  The Court finds no need to

repeat those facts in this order.

## III.  DISCUSSION

### A.      Motion to Dismiss

The United States of America is subject to suit only to the extent that it has waived

its sovereign immunity.  *United States v. Orleans*, 425 U.S. 807, 813-814 (1976).

Because "[s]overeign immunity is jurisdictional in nature . . . the terms of the United

States' consent to be sued in any court define that court's jurisdiction to entertain the

suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted).  The Federal

Tort Claims Act ("FTCA") waives sovereign immunity for certain tort suits against the

United States for injuries caused by federal employees under circumstances where a

private person would be held liable, "in accordance with the law of the place where the

act or omission occurred."  28 U.S.C. §§ 2674, 2679(b)(1) and 1346(b).  The FTCA, as a

limited waiver of sovereign immunity, is strictly construed, and all ambiguities are

resolved in favor of the sovereign.  *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA empowers the Attorney General to certify that a federal employee sued

for wrongful or negligent conduct "was acting within the scope of his office or

employment at the time of the incident out of which the claim arose."  28 U.S.C. §

1 | 2679(d)(1). Upon such certification, the action "shall be deemed an action against the

2 | United States under the provisions of [the FTCA], and the United States shall be

3 | substituted as the party defendant." *Id.*; *see also Walker v. Chugachmiut*, 46 Fed. Appx.

4 | 421, 424 (9th Cir. 2002) (citation omitted) ("Once certification is given in a civil action,

5 | the [FTCA] mandates . . . substitution of the United States as the defendant."). "The

6 | Attorney General's decision regarding scope of employment certification is conclusive

7 | unless challenged." *See Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (citing 28 U.S.C.

8 | § 2679(d)(1)–(4)).

9 | In this case, the Estate raises several objections to the Government's substitution

10 | and motion to dismiss, but none of them withstand scrutiny. First, the Estate's best

11 | argument is that its VAS claims fall outside of the FTCA based on the exception for

12 | "[a]ny claim arising out of assault, battery, false imprisonment . . . ." 28 U.S.C. §

13 | 2680(h). Upon review of the briefs, both parties seem to miss the mark on this argument.

14 | Contrary to some arguments, the problem is not whether the VAS claims are tort claims

15 | under state law. VAS claims are rather straightforward claims for personal injuries based

16 | on either negligent or intentional conduct. Thus, the issue is whether the individual

17 | defendants were acting within the scope of their employment when the violations based

18 | on intentional conduct occurred. The Government has certified that they were, and the

19 | Estate has challenged this certification. The Estate's challenge, however, is completely

20 | undermined by its complaint. In the complaint, the Estate alleges that the Defendants

21 | were acting within the scope of their employment at all material times. *See*, *e.g.*, Dkt. 1,

22 | ¶ 10 ("All acts and omissions of defendant Fadele were done under color of federal and

1 | state law and under the authority of her position as an agent/employee/subcontractor with

2 | the Chehalis Tribal Wellness Center."). Thus, the Estate fails to even allege acts that

3 | were committed outside the scope of employment.

4 |     Even if one ignored the relevant allegations in the complaint, or lack of relevant

5 | allegations, the Estate has failed to meet its burden by a preponderance of the evidence.

6 | "In determining whether a United States employee acted within the scope of his or her

7 | office or employment . . ., we apply the respondeat superior principles of the state in

8 | which the alleged tort occurred . . . ." *Green*, 8 F.3d at 698–99. In Washington, "[a]n

9 | employee's conduct will be outside the scope of employment if it 'is different in kind

10 | from that authorized, far beyond the authorized time or space limits, or too little actuated

11 | by a purpose to serve the master.'" *Robel v. Roundup Corp.*, 148 Wn.2d 35, 53 (2002)

12 | (quoting Restatement (Second) of Agency § 228(2) (1958)). "The proper inquiry is

13 | whether the employee was fulfilling his or her job functions at the time he or she engaged

14 | in the injurious conduct." *Id.* "[W]hen a servant 'steps aside from the master's business

15 | in order to effect some purpose of his own, the master is not liable.'" *Id.* (quoting *Kuehn*

16 | *v. White*, 24 Wn. App. 274, 278 (1979)).

17 |     In this case, the Estate has failed to assert allegations or cite evidence establishing

18 | that any relevant defendant stepped aside from the Chehalis Tribal Wellness Center's

19 | business to effect some purpose of her own. Instead, the Estate's motion for summary

20 | judgment details medical neglect and failure to report abuse. Dkt. 105 at 5–13. While

21 | the facts are tragic, the evidence of intentional and negligent medical mistreatment

22 | establishes that the employees were acting within the scope of their employment at all

1  relevant times.  Therefore, the Court concludes that the Estate has failed to establish by a

2  preponderance of the evidence that the Government's certification is incorrect.

3       Second, the Estate argues that the Government should be estopped from

4  submitting a second notice of substitution.  This argument fails for numerous reasons,

5  including the fact that the Government has not taken clearly inconsistent positions.  If

6  anything, the Government's second notice is simply a clarification of its first notice and

7  not inconsistent with its first notice.  Thus, the Estate's argument on this issue fails.

8       Finally, the Estate argues that, even if the VAS claims fall within the FTCA, it

9  exhausted its claims.  Dkt. 173 at 8–9.  The Court has previously disagreed with this

10  argument in concluding that the Estate failed to set forth a sum certain in its

11  administrative claim.  Dkt. 54 at 2–3.  The Estate fails to persuade the Court that its

12  conclusion is in error.  Therefore, the Court concludes that the Government properly

13  substituted for Defendants and the Estate failed to exhaust.  Accordingly, the Court grants

14  the Government's motion to dismiss the Estate's VAS claims against Defendants.

15  **B.**     **Supplemental Jurisdiction**

16       The district courts may decline to exercise supplemental jurisdiction over a claim

17  if the claim raises a novel or complex issue of state law or when the district court has

18  dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367.

19       In this case, both contingencies are satisfied.  The Court has dismissed all of the

20  Estate's federal claims that established jurisdiction.  The Estate's remaining claims

21  involve complex and novel issues of state law that are best left to the state courts.

22  Therefore, the Court declines to exercise supplemental jurisdiction.

# IV.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 172) is **GRANTED**, the Estate's VAS claims against Defendants are **DISMISSED with prejudice**, and the Estate's remaining state law claims are **DISMISSED without prejudice**.  The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 26th day of July, 2018.

BENJAMIN H. SETTLE
United States District Judge