Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THE ESTATE OF JOLENE LOVELETT ("LOVELETT"), | NO. C16-5922 BHS |
|---|---|
| Plaintiff, | PLAINTIFF'S MOTION FOR FRCP 60 RELIEF/CLARIFICATION OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DECLINING SUPPLEMENTAL JURISDICTION, AND DISMISSING REMAINING CLAIMS <u>WITHOUT PREJUDICE</u> |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |
| | Noted on Motion Calendar: February 22, 2019 |

## I. RELIEF REQUESTED

Plaintiff The Estate of Jolene Lovelett ("the Estate") respectfully moves this Court for relief under Fed.R.Civ.P. 60(a) to clarify an issue that has just arisen in Washington State Superior Court[1] regarding this Court's July 26, 2018 "Order Granting Defendant's Motion to Dismiss, Declining Supplemental Jurisdiction, and Dismissing Remaining Claims Without Prejudice" (Dkt. 175, "7-26-18 Order") and Judgment (Dkt. 176). The need for relief is based on defendant Florence Fadele's recent argument in her Washington Civil Rule 12(b)(6) Motion to Dismiss in Washington State Superior Court, where Ms. Fadele asserted that this Court dismissed state claims against her <u>with</u> prejudice, such that res judicata applies to preclude the

---

[1] Following this Court's dismissal of this federal action in July 2018, the Estate filed state claims in Washington State Superior Court, now pending in Thurston County Superior Court, Case No. 18-2-05787-34.

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 1 of 11

Otorowski Morrow & Golden, PLLC
Attorneys at Law
298 Winslow Way West
Bainbridge Island, Washington 98110
(206) 842-1000; (206) 842-0797 Fax

Estate from bringing those claims in State Court.² Fadele's interpretation of this Court's Order does not reflect this Court's intent in the 7-26-18 Order and the Judgment. Rather, this Court dismissed state claims against non-Government employees such as Ms. Fadele <u>without prejudice</u>, leaving those claims for the State Court to address.

Ms. Fadele's misinterpretation is partly based on the absence of the qualifying word "Government" before "Defendants" in the following bolded phrase concluding the Order:

> [I]t is hereby ORDERED that the <u>Government's motion to dismiss (Dkt. 172)</u> is GRANTED, the Estate's VAS³ claims **against Defendants** are DISMISSED with **prejudice,** and the Estate's <u>remaining state law claims are DISMISSED without prejudice.</u>

Morrow Decl., Exhibit 1 (Dkt. 175) (emphasis added).⁴ The Estate has always understood the Order to dismiss the remaining state claims against Ms. Fadele and other non-Government defendants without prejudice and that there was no need for clarification or correction of any clerical error, mistake, or oversight. "Government" is in the immediately preceding sentence; the Order reflects that the "motion to dismiss (Dkt. 172)" is by the Government, not including Ms. Fadele; "Defendants" is defined on page 1 of the Order as Dufraine, Hoyle, Moen, and Shipp; and the Order's title and language are clear. Nevertheless, the misunderstanding in State Court requires this Motion.

As this Court carefully explained in its Order, the word "Defendants" in the second sentence refers to those for whom the United States substituted as defendant, and on behalf of whom the United States moved to dismiss claims made under the Federal Tort Claims Act ("FTCA"). These Defendants are clearly listed in the definition of Defendants on page 1 of the

---

² Fadele's Motion and the Estate's Response are exhibits attached to the Declaration of Jane Morrow. No other defendant in the State Court action joined that motion. All other defendants in the State Court action, like Ms. Fadele, were not federal tribal employees for whom the United States substituted and moved to dismiss under the Federal Tort Claims Act ("FTCA").

³ Washington State Vulnerable Adult Statute, RCW Chapter 74.34.

⁴ "Dkt. 172" is "<u>Defendant United States'</u> Renewed Motion To Dismiss Personal Injury Claims." Ms. Fadele was not involved in that motion because she was not a federal tribal employee; she did not and could not request dismissal with prejudice under the FTCA.

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 2 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

Order (Dufraine, Hoyle, Moen, and Shipp). Ms. Fadele is not and never was one of those Government Defendants, and this Court did not intend to dismiss state claims against her with prejudice.

However, at a State Court hearing on Ms. Fadele's Motion to Dismiss on January 25, 2019, the State Court accepted Fadele's argument and granted her motion to dismiss state claims against her with prejudice. The State Court allowed the Estate 60 days (until March 26, 2019) to move this Court for clarification whether it had dismissed state claims against Fadele with or without prejudice. Morrow Declaration, Ex. 4.

Accordingly, under Fed.R.Civ.P. 60(a), the Estate respectfully asks the Court to amend its 7-26-18 Order (Dkt. 175) and Judgment (Dkt. 176), with the following underlined clarifications of the Court's intent:

- Order, p. 1, line 21 ff., after "Dkt. 1.": "<u>The complaint pleaded allegations against other defendants, but they are not substituted-for by the Government, and did not join this motion by the Government. As ordered below and in the title of this Order, remaining state claims against those other defendants are dismissed without prejudice.</u>"

- Order, p. 4, line 21 ff.: *See, e.g.*, Dkt 1, ¶<u>11</u> ("All acts and omissions of defendant <u>Moen</u> were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center.")

- Order, p. 7, line 3 ff. (amendments underlined):

    Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 172) is **GRANTED**, the Estate's VAS claims against <u>the Government</u> Defendants—<u>Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN</u>—are **DISMISSED with prejudice**, and the Estate's remaining state law claims <u>against all other defendants—Abbott Adult Family Homes LLC, Florence Fadele, ARNP, Kristy Danforth, RN, Sandra Sanders, Renna/Reena Rizal, and Bhakta Rizal</u>—are **DISMISSED without prejudice**. The Clerk shall enter a **JUDGMENT** and close the case.

Plaintiff requests that the Judgment be revised to similarly reflect this Court's intent as follows:

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 3 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

The Court has ORDERED that, the Government's motion to dismiss is granted. Plaintiff's VAS claims against <u>the Government</u> Defendants are **DISMISSED with prejudice**, and the remaining state law claims <u>against all other defendants—Abbott Adult Family Homes LLC, Florence Fadele, ARNP, Kristy Danforth, RN, Sandra Sanders, Renna/Reena Rizal, and Bhakta Rizal</u>—are **DISMISSED without prejudice. JUDGMENT** is entered in favor of <u>the Government Defendants— Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN</u>.

The Estate's proposed Amended Order and proposed Amended Judgment add the requested clarifying language.

## II. RELEVANT FACTS

Following this Court's July 26, 2018 dismissal of this federal action in the above Order (Dkt. 175) and entry of Judgment (Dkt. 176), the Estate filed state claims in Washington State Superior Court, now pending in Thurston County Superior Court, Case No. 18-2-05787-34. Defendant Florence Fadele, ARNP, who was a defendant in the federal action but not a federal tribal employee,[5] moved in State Court to dismiss the Estate's claims against her. Her principal argument was that this Court had already dismissed the Washington State Vulnerable Adult Statute ("VAS") claims against her with prejudice in this Court's 7-26-18 Order, by the above-quoted language on page 7. Morrow Decl., Exhibit 3 (Fadele Motion to Dismiss).

The procedural history is set forth in the Court's Order, and summarized here:

- <u>Nov. 1, 2016</u>: The Estate filed its complaint alleging claims under 42 U.S.C. § 1983 and independent state claims including those under the Washington VAS, RCW Chapter 74.34. Dkt. 1.

- <u>March 3, 2017</u>: The United States appeared and substituted itself for the Government (federal tribal employee) defendants (Hoyle, Shipp, Moen, and Dufraine). Dkt. 39.[6]

---

[5] Fadele was hired to work at the tribal clinic through an independent agency and was represented separately from the federal defendants. *See, e.g.,* Dkt. 43; Dkt. 154.

[6] As this Court stated in its Order, federal law provides that the FTCA is the sole means of recovery against federal employees for their negligent or wrongful acts or omissions while acting within the scope of their employment. The FTCA thus waives sovereign immunity to allow certain tort suits against the United States for such acts by federal employees. 28 U.S.C. §§ 2675, 2679(b)(1), 1346(b); Dkt. 175, at 3-4. The United States must certify that the employee was acting within the scope of his or her employment at the time of the event giving rise

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 4 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

- March 8, 2017: The United States then moved to dismiss claims against itself and the Government defendants for whom it had substituted under the FTCA. Dkt. 40.[7]
- May 1, 2017: This Court granted the United States' motion to dismiss on the grounds that the Estate "failed to provide a sum certain for personal injury damages," meaning that the Estate had failed to exhaust administrative remedies as would be necessary in order to bring common law claims against the federal tribal employees. Dkt. 54, at 3.
- June 11, 2018: This Court dismissed the federal constitutional claims under 42 U.S.C. § 1983. Dkt. 162. Since it appeared that all federal claims had been dismissed, the Court requested briefing on whether it should retain supplemental jurisdiction over the state claims (including the VAS). **The Court specifically declared that the Estate's "state law claims involve novel interpretations of Washington's Abuse of Vulnerable Adults Act and the implementing regulations. ... Therefore, the Court is considering declining to exercise supplemental jurisdiction over the remaining claims and dismiss them without prejudice."** *Id.* at 10-11 (emphasis added).
- June 19, 2018: This Court requested briefing to answer the question why the United States, when substituting for the Government (federal tribal) defendants, had not included the VAS allegations as common law claims covered by the FTCA, subject to dismissal. Dkt. 169. The United States then filed an amended notice of substitution adding the VAS claims to its substitution, Dkt. 171, along with a renewed motion to dismiss, Dkt. 172.[8]

---

to the action. 28 U.S.C. § 2679(d)(1). Upon that certification, the action is deemed to be against the United States under the FTCA, and the United States is substituted as the defendant. In the federal case brought by Ms. Lovelett's Estate, the United States Attorney General certified that the federal tribal defendants were acting within the scope of their employment, and the United States therefore substituted itself for them "solely" for common law tort allegations under the FTCA. Dkt. 39 (March 3, 2017).

[7] The United States never substituted for Fadele or represented her, since she was not a Government (federal tribal) employee. Fadele did not participate in the United States' motion to dismiss. Dkt. 40.

[8] After limited jurisdictional discovery to determine whether the Tribe had waived sovereign (tribal) immunity, the Estate agreed to dismiss the Tribe, and this Court entered an order of dismissal on May 14, 2018. Dkt. 152.

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION UNDER FRCP 60 [Case no. 16-05922 BHS] -- 5 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

- July 26, 2018: This Court granted the United States' motion to dismiss claims against the Government defendants for whom it had substituted for purposes of the FTCA:

    > [I]t is hereby ORDERED that the Government's motion to dismiss (Dkt. 172) is GRANTED, the Estate's VAS claims against Defendants are DISMISSED with prejudice, and the Estate's remaining state law claims are DISMISSED without prejudice.

Dkt. 175.[9]

The title of the Order identifies the United States as the only party moving for dismissal: "Order Granting Defendant's Motion to Dismiss, Declining Supplemental Jurisdiction, and Dismissing Remaining Claims Without Prejudice." Dkt. 175, at 1 (emphasis added). The body of the Order notes the motion to dismiss is by Defendant United States of America ("Government"), which had substituted itself for the federal tribal defendants – not including Fadele – that is, Hoyle, Shipp, Dufraine, Moen. The Order concludes by noting that the Court had dismissed all the Estate's federal claims which had given the Court original jurisdiction, and **"The Estate's remaining claims involve complex and novel issues of state law that are best left to the state courts."** *Id.* at 6 (emphasis added).

This Court then declined to exercise supplemental jurisdiction and dismissed all state law claims against Fadele (and other non-Government defendants) **without** prejudice. This Court clearly intended that the VAS claims against the non-governmental defendants would be best resolved by the State Court with its experience and body of state caselaw on the statute. However, Fadele's argument raised questions for the State Court, requiring this Motion.

---

[9] Similarly, the Judgment (July 27, 2018) states:

> The Court has ORDERED that, the Government's motion to dismiss is granted. Plaintiffs VAS claims against Defendants are DISMISSED with prejudice, and the remaining state law claims are DISMISSED without prejudice. JUDGMENT is entered in favor of Defendants.

Dkt. 176.

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 6 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## III. ISSUE

Should this Court clarify that it intended to and did dismiss supplemental state claims, specifically including the Washington State Vulnerable Adult Statute claims, against Fadele (and other non-Government defendants) <u>without prejudice</u>, and amend its Order and Judgment accordingly?

## IV. AUTHORITY AND ARGUMENT

Fed.R.Civ.P. 60(a) provides: "Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."[10]

The Estate has always understood the 7-26-18 Federal Court Order to dismiss all supplemental state claims against defendant Fadele and the other state defendants without prejudice. No other state defendant joined Fadele's motion. The Estate believed there was no need for clarification from this Court until the conclusion of the hearing in Thurston County Superior Court on January 25, 2019. At that time, the State Court allowed the Estate 60 days (until March 26, 2019), to seek clarification from this Court, and the Estate has now requested that relief.

"Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012). The Rule "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to

---

[10] *See also* Fed.R.Civ.P. 60(b)(1) (listing "mistake, inadvertence, surprise" as grounds for relief from a final judgment or order).

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 7 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

permit enforcement." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (quoting *Garamendi*, at 1079; internal quotation marks omitted).

The "touchstone" of Rule 60(a) is "fidelity to the intent behind the original judgment." *Garamendi*, at 1078. In deciding these motions, the Ninth Circuit "focuses on what the court *originally intended* to do." *Tattersalls*, at 1297 (quotation omitted; emphasis in original).

The Rule thus covers more than the quintessential "clerical" errors (for example, where the court errs in transcribing the judgment or makes a computational mistake). In *Tattersalls*, the Ninth Circuit affirmed the district court's use of Rule 60(a) to correct the judgment to award monetary damages, even though the 28-day time limit in Rule 59(e) had passed. In *Garamendi*, the Ninth Circuit allowed the district court to use Rule 60(a) to clarify a judgment that could not be domesticated in a foreign country because its reasoning was not sufficiently detailed. *In re Jee*, 799 F.2d 532 (9th Cir.1986), held that a court could use Rule 60(a) to amend a prior dismissal order "where the record and the recollection of the judge who entered the order indicated that the dismissal was intended to be without prejudice." *Tattersalls*, at 1297-98. *See also Jones & Guerrero Co. v. Sealift Pacific*, 650 F.2d 1072 (9th Cir.1981) (district court properly used Rule 60(a) to correct a blanket order dismissing 22 diversity cases, where the court intended to remand one to territorial court); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444-46 (9th Cir. 1990) (court could use Rule 60(a) to clarify that it intended to cancel three trademarks, not just the one explicitly mentioned in the judgment).

Clarifying and amending the 7-26-18 Order and Judgment is precisely the type of relief needed in this situation. That Order sets out this Court's intent to allow the State Court to address the Estate's remaining state claims, including those under the VAS, against non-Government defendants including Fadele. Dismissal of those claims <u>without prejudice</u> is a "necessary implication[] of the original order," and clarifying this Court's intent will "ensure that the court's purpose is fully implemented" as well as "permit enforcement." *Garamendi*, at

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

1079; *Tattersalls,* at 1297–98. Granting the relief requested in this Motion will also give "fidelity to the intent behind the original judgment." *Garamendi,* at 1078.

### V. CONCLUSION

This Court declined to exercise supplemental jurisdiction over the Estate's state claims against Fadele and the other non-Federal Government employees. The Court dismissed the remaining state claims, including those under the VAS, against Fadele <u>without</u> prejudice. Accordingly, the Estate asks the Court to amend its Order and Judgment, with the following underlined clarifications of the Court's intent:

- Order, p. 1, line 21 ff., after "Dkt. 1.": "<u>The complaint pleaded allegations against other defendants, but they are not substituted-for by the Government, and did not join this motion by the Government. As ordered below and in the title of this Order, remaining state claims against those other defendants are dismissed without prejudice.</u>"

- Order, p. 4, line 21 ff.: "*See, e.g.,* Dkt 1, ¶<u>11</u> ("All acts and omissions of defendant <u>Moen</u> were done under color of federal and state law and under the authority of her position as an agent/employee/subcontractor with the Chehalis Tribal Wellness Center.")"

- Order, p. 7, line 3 ff.:

    Therefore, it is hereby **ORDERED** that the Government's motion to dismiss (Dkt. 172) is **GRANTED**, the Estate's VAS claims against <u>the Government</u> Defendants—<u>Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN</u>—are **DISMISSED with prejudice**, and the Estate's remaining state law claims <u>against all other defendants, including defendants Abbott Adult Family Homes LLC, Florence Fadele, ARNP, Kristy Danforth, RN, Sandra Sanders, Renna/Reena Rizal, and Bhakta Rizal,</u> are **DISMISSED without prejudice**. The Clerk shall enter a **JUDGMENT** and close the case.

The Judgment should be revised as follows:

    The Court has ORDERED that, the Government's motion to dismiss is granted. Plaintiff's VAS claims against <u>the Government</u> Defendants are **DISMISSED with prejudice**, and the remaining state law claims <u>against all other defendants, including defendants Abbott Adult Family Homes LLC, Florence Fadele, ARNP, Kristy Danforth, RN, Sandra Sanders, Renna/Reena Rizal, and Bhakta Rizal,</u> are **DISMISSED without**

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 9 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

**prejudice. JUDGMENT** is entered in favor of <u>the Government</u> Defendants—<u>Nancy Dufraine, Heather Hoyle, Kelsie Moen, RN, and Trisha Shipp, LPN</u>.

The Estate's proposed Amended Order and proposed Amended Judgment add the requested clarifying language.

DATE: February 7, 2019.                    Otorowski Morrow & Golden, PLLC

<u>By: S/ Jane Morrow</u>
Jane Morrow, WSBA # 22533
Heather S. Moore Paradis, WSBA #27711
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 10 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Otorowski Morrow & Golden, PLLC

_S/ Jane Morrow_
Jane Morrow, WSBA # 22533
Heather S. Moore Paradis, WSBA #27711
298 Winslow Way West
Bainbridge Island, Washington 98110
(206) 842-1000; (206) 842-0797 Fax
Email: jm@medilaw.com
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR RELIEF/CLARIFICATION
UNDER FRCP 60 [Case no. 16-05922 BHS] -- 11 of 11

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 FAX